UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Julie Kapustka,<br><br>    Plaintiff,<br><br>v.<br><br>Midwest Fidelity Services, LLC<br>c/o Mike Powell<br>103 S. Main Street<br>Ottawa, KS 66067<br><br>and<br><br>Mike Powell<br>103 S. Main Street<br>Ottawa, KS 66067,<br><br>    Defendants. | Case No.<br><br><br><br>**COMPLAINT**<br><br><br>**Jury Demand Requested** |

## JURISDICTION AND VENUE

1- This court has jurisdiction pursuant to 28 U.S.C. §§1331, 1337, 1367; and 15 U.S.C. §1692k(d).

2- Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

3- Plaintiff incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the õDebtö).

4- Plaintiff is a resident of the State of Illinois.

5- Defendant Midwest Fidelity Services, LLC (õMidwestö) is a corporation with its principal office in the State of Kansas.

6- Upon information and belief, Defendant Mike Powell ("Powell") is the manager, operator, supervisor, and/or owner of Midwest and has direct control over the operations of Midwest.

7- Employees can be held personally liable under the FDCPA. *See Robinson v. Manages Accounts Receivable Corp.*, 654 F. Supp.2d 1051 (C.D. Cal 2009); *see also Schwarm v. Craighead*, 552 F. Supp.2d 1056 (E.D. Cal. 2008).

8- Most district courts that have addressed the issue of personal liability have held that the corporate structure does not insulate shareholders, officers, or directors from personal liability under the FDCPA. *See Schwarm v. Craighead*, 552 F.Supp.2d 1056 (E.D. Cal. 2008); *see also Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433 (6th Cir. 2008); *Teng v. Metro. Retail Recovery, Inc.*, 851 F.Supp. 61 (E.D.N.Y. 1994); *Del Campo v. Kennedy*, 491 F.Supp.2d 891 (N.D.Cal. 2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F.Supp.2d 615 (D. Utah 2005); *Albanese v. Portnoff Law Associates, Ltd.*, 301 F.Supp.2d 389 (E.D.PA 2004); *Brink v. First Credit Res.*, 57 F. Supp.2d 848 (D.AR 1999); *Pikes v. Riddle*, 38 F.Supp.2d 639 (N.D. IL 1998); *Ditty v. CheckRite*, 973 F.Supp. 1354 (D. Utah 1997).

9- Unless specifically stated otherwise, the term "Defendant" as used herein shall refer to Defendants Midwest and Powell, collectively.

10- Defendant uses instruments of interstate commerce for its principal purpose of business, which is the collection of debts.

11- Defendant regularly attempts to collects, or attempts to collect, debts that it acquired after the same were in default.

12- At all times relevant, Defendant owned the Debt or was retained to collect the Debt.

## FACTS COMMON TO ALL COUNTS

13- On or around January 17, 2014, Plaintiff filed a voluntary bankruptcy petition that included the Debt.

14- On or around February 11, 2014, Defendant sent Plaintiff a letter to collect the Debt.

15- At the time of this communication, Defendant knew, or should have known, that the Debt was included in an active bankruptcy.

16- Defendant's efforts to collect a debt that was included in a bankruptcy violate 15 U.S.C. §1692e(2). *See Ross v. RJM Acquisitions Funding, LLC,* 480 F.3d 493 (7th Cir. 2007).

17- Upon information and belief, Defendant does not maintain procedures reasonably adapted to identify consumers that filed bankruptcy or it would have discovered Plaintiff's bankruptcy filing.

18- Defendant damaged Plaintiff.

19- Defendant violated the FDCPA.

## COUNT I

20- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

21- Defendant violated 15 USC §1692c(a)(2) by communicating with a consumer after having notice that the consumer was represented by an attorney.

## COUNT II

22- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

23- Defendant violated 15 USC § 1692e(2) by misrepresenting the character, amount, and/or legal status of the Debt.

## COUNT III

24- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

25- Defendant violated 15 USC § 1692e(10) by using false representations and/or deceptive means to collect, or attempt to collect, the Debt.

## COUNT IV

26- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

27- Defendant violated 15 USC § 1692f by engaging in unfair and/or unconscionable means to collect, or attempt to collect, the Debt.

## COUNT V

28- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

29- Defendant violated 15 USC § 1692e by engaging in false, deceptive, or misleading methods to collect a debt.

## JURY DEMAND

30- Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

31- Plaintiff prays for the following relief:

   a. Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

   b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

   c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d.  Any other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Meier LLC

By: */s/ Richard J. Meier*
Richard J. Meier, Esq.
53 W. Jackson Blvd, Suite 304
Chicago, IL 60604
Tel: 312-242-1849
Fax: 312-242-1841
richard@meierllc.com
*Attorney for Plaintiff*